UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| DAWUD C.S. GABRIEL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 1:22-cv-00312-KAC-SKL |
| COVENANT LOGISTICS GROUP, INC., | ) ) ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

This Americans with Disabilities Act case is filed pro se and without prepayment of fees by Plaintiff Dawud C.S. Gabriel ("Plaintiff"). On December 15, 2022, Plaintiff filed a complaint and an "Emergency Motion for Leave to *Partially* Proceed In Forma Pauperis" [Doc. 1 & Doc. 2].

On December 20, 2022, the Court entered an Order explaining that to proceed with his case, Plaintiff was required to either pay the filing fee in full up front or submit a properly completed application to proceed *in forma pauperis*. In the December 20 Order, the Court described the deficiencies with Plaintiff's Emergency Motion that rendered it incapable of meaningful review as an IFP application. The Court also explained in detail the information Plaintiff was required to provide in a proper IFP application. Plaintiff was given a 21-day deadline to either submit a properly-completed IFP application or pay the filing fee in full. He was specifically warned that a failure to fully comply with the requirements of the December 20 Order "will result in a dismissal of his claim." [Doc. 8 at Page ID # 77]. The Clerk mailed a blank IFP application along with a copy of the December 20 Order to Plaintiff the same day the Order was entered.

The 21-day deadline expired on January 10, 2023. Rather than timely pay the filing fee or submit a properly-completed IFP application, Plaintiff filed a "Notice of Obstruction" and two identical documents titled, "Plaintiff's L.R.12.1(a) Extension Motion/Notice to File Rule 60(b)(1) Motion & §§ 144 & 455(a) Affidavits" [Doc. 8, Doc. 9, & Doc. 10]. In these filings, Plaintiff makes allegations concerning his alleged inability to comply with the January 10 deadline—allegations that are plainly baseless but nevertheless disturbing. For example, Plaintiff asserts the federal government is remotely directing "cool energy" and "harassing pressure" at his "anus area (especially when he [is] seated in his computer chair working on legal papers)" [Doc. 9 at Page ID # 79]. He also claims the federal government has "remotely induced urges to urinate and defecate" and "is attempting to cause [him] to contract an infectious disease." [*Id.* at Page ID # 79 & n.1]. He claims these are attempts by the federal government to distract him and cause him to miss case-related deadlines. He states he is "refusing to work under the conditions of the Federal Government's remote harassment of him," and that if he "is delayed in filing any paper as the result of what the Federal Government has prescribed [him] as daily regimens of remote harassment (that has prolonged for over eight (8) years), the Court should not penalize [him] from exercising his Ninth (9th) and Fourteenth (14th) Enumerated Rights." [*Id.* at Page ID # 80].[1]

After reviewing and considering Plaintiff's filings, I find he has failed to show good cause for any extension of the January 10 deadline for submitting a proper IFP application or paying the filing fee in full. Although he is proceeding without the assistance of an attorney, he has clearly

---

[1] None of the authorities mentioned in the titles of Plaintiff's motions for extension of time has any bearing on the issues currently before the Court. Eastern District of Tennessee Local Rule 12.1(a) pertains to agreed-upon extensions of time for parties to respond to a complaint, a cross-claim, or a counter-claim. *See* E.D. Tenn. L.R. 12.1. Federal Rule of Civil Procedure 60(b) provides for relief from entry of a final judgment. Plaintiff's citation to "§§ 144 & 455(a) Affidavits" appears to refer to 28 U.S.C. § 144 and 28 U.S.C. § 455(a), which pertain to judicial recusal and disqualification. He asserts no facts to support judicial disqualification or recusal.

demonstrated the ability to prepare documents related to this case and send them to the Court. He has done so during the time period when he could have, and should have, been preparing and submitting an IFP application. In addition, a search on PACER.gov reveals Plaintiff has filed at least a dozen cases in federal district courts across the country and pursued appeals in the United States Courts of Appeals for the Eleventh Circuit and the Federal Circuit. In sum, he is an experienced federal court pro se litigant, he was given specific instructions and a generous timeline, he has offered no credible justification for the requested extension, he admits he is "refusing to work" (presumably referring to working on this case), and he was specifically warned that his failure to provide a proper IFP application or pay the filing fee would result in the dismissal of his case.

Accordingly, I **RECOMMEND**[2] Plaintiff's "L.R.12.1(a) Extension Motion/Notice to File Rule 60(b)(1) Motion & §§ 144 & 455(a) Affidavits" at Docket No. 10 be **DENIED**, and that Plaintiff's duplicative motion at Docket No. 11 be **DENIED AS MOOT**.

I further **RECOMMEND** that Plaintiff's complaint be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b), due to Plaintiff's failure to timely comply with the Court's December 20 Order. *See Knoll v. AT&T Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999) ("Rule 41(b) of the Federal Rules of Civil Procedure gives courts the authority to dismiss a case for failure of the plaintiff to prosecute or to comply with these rules or any order of the court. This measure is

---

[2] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusory and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." (quotation marks and citations omitted; alteration in original)). The absurd nature of the allegations in Plaintiff's more recent filings compel the conclusion that no lesser sanction would be effective. Furthermore, as discussed above, Plaintiff's disregard of the December 20 Order was clearly willful as shown by his ability to submit other filings, and Plaintiff has been specifically warned that his case would be dismissed if he failed to comply. *See Wu v. T.W. Wong, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (listing factors to be considered in Rule 41(b) dismissal context (citations omitted)).

Finally, in light of my recommendation to dismiss Plaintiff's complaint, I **RECOMMEND** Plaintiff's "Emergency Motion for Leave to *Partially* Proceed In Forma Pauperis" [Doc. 2] be **DENIED AS MOOT** with no filing assessed, and that Plaintiff's "Brief In Support of Rule 4(m) Motion to Extend the Time to Perfect Service" [Doc. 3] likewise be **DENIED AS MOOT**.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE